NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NADER ABOUELMAKAREM, *Plaintiff*, v. MAHMOUD MUSTAFA and SADIYA MUSTAFA, *Defendants*. | Civil Action No. 23-22209  **OPINION**  June 30, 2025 |

**SEMPER**, District Judge.

The current matter comes before the court on Plaintiff Nader Abouelmakarem's ("Plaintiff") Motion for Default Judgment against Defendant Mahmoud Mustafa ("Defendant") pursuant to Federal Rule of Civil Procedure ("Rule") 55(b)(2). (ECF 33-1, "Mot.") The Court has decided this motion upon the parties' submissions, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 78.1. For the reasons stated below, Plaintiff's motion is **GRANTED**.

I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

This matter arises from Defendant Mahmoud Mustafa's alleged fraudulent transfer of his property in Hudson County, New Jersey to his wife, Sadiya Mustafa, who is also a defendant in

---

[1] As a consequence of the Clerk of Court's entry of default against Defendant Mahmoud Mustafa on May 24, 2024, and for purposes of deciding the instant motion for default judgment, the Court accepts as true the factual allegations in Plaintiff's Complaint, except those relating to the amount of damages. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

1

this action.[2] That property is located at 1611 86th Street, North Bergen, New Jersey, 07047 (the "Property") and was purchased by Defendant Mahmoud Mustafa on November 9, 2000. (ECF 1, "Compl." ¶ 12; ECF 33-5, "Ex. C".) Defendant Mustafa was the sole owner of the Property for twenty-one years where he resided with his wife and children. (*Id.* ¶ 13.) On August 27, 2021, Defendant satisfied the mortgage on the Property. (*Id.* ¶ 14.) Defendants are residents of New Jersey[3], while Plaintiff is a resident of New York. (*Id.* ¶¶ 9-11.)

This matter relates to a civil judgment Plaintiff secured against Defendant Mahmoud Mustafa on August 17, 2023 in the Southern District of New York (the "SDNY Action").[4] (*Id.* ¶ 1.) Plaintiff is a former employee of Defendant Mahmoud Mustafa, who operated a tourist gift shop in New York City where Plaintiff worked as a cashier clerk for three years. (*Id.*; ECF 33-3, SDNY Complaint, "Ex. A" ¶ 6.) Following a three-day trial before the Honorable Lewis J. Liman, a federal jury in Manhattan found that Defendant, along with his brother and two corporations in which Defendant held an ownership interest, had violated the Fair Labor Standards Act and New York Labor Law for failure to pay Plaintiff minimum wage and overtime pay. (*Id.* ¶¶ 15, 16.) The jury returned a verdict in favor of Plaintiff in the amount of $245,593.78. (*Id.* ¶ 21.) No amount of money has been paid by any defendant in the SDNY Action to satisfy that judgment. (*Id.* ¶ 22, 23.)

---

[2] There is currently a Motion for Summary Judgment pending against Defendant Sadiya Mustafa in this action. (ECF 50.)

[3] Defendant Mahmoud Mustafa maintains a New Jersey driver's license with the Property as his listed address, *see* ECF 33-12, "Ex. J", and he also listed the Property's address in New Jersey as his return address in correspondence with this Court, *see* ECF 8-1, and he also

[4] *See Abouelmakarem v. MDNMA Inc. et. al.*, No. 21-10625, 2023 WL 4561765 (S.D.N.Y. July 17, 2023).

Plaintiff commenced the SDNY Action on December 13, 2021, seeking over $300,000 in damages against Defendant. (*Id.* ¶¶ 15, 20.) At that time, in addition to the SDNY Action, Defendant was facing eviction from the two tourist gifts shops where he operated his businesses in on Sixth Avenue in New York. (*Id.* ¶ 19.) Two weeks after Plaintiff filed his lawsuit in SDNY, Defendant transferred the Property to his wife for consideration of $1.00. (*Id.* ¶ 17; ECF 1-1, "Deed") (listing date of transfer of ownership as December 27, 2021). Defendant Sadiya Mustafa is now the sole owner of the Property in New Jersey. (*Id.* ¶ 24.)

Plaintiff filed the instant lawsuit against Defendants on November 9, 2023, alleging a singular cause of action: fraudulent conveyance in violation of the New Jersey Uniform Voidable Transactions Act, N.J. Stat. Ann. ¶¶ 25:2-20 *et seq*. (Compl. ¶¶ 25-35.) Plaintiff timely served Defendants with the Complaint on November 9, 2023 at their place of residence. (ECF 33-8, Affidavit of Service, "Ex. F".) On December 4, 2021, Defendant Mahmoud Mustafa filed a letter on the docket dated November 29, 2023 asking this Court for an extension of time to respond to the Complaint because he was "unable to find adequate legal representation that [he] can afford for this lawsuit." (ECF 8.) The envelope carrying this letter contained a return address of the Property: 1611 86th Street, North Bergen, New Jersey 07047. (ECF 8-1, "Envelope".) Magistrate Judge José R. Almonte granted Defendant's request for an extension to respond to the Complaint through February 14, 2024. (ECF 10.)

That is the last this Court has heard from Defendant Mahmoud Mustafa in this matter.[5] It has been over a year since Defendant's time to answer expired. On May 24, 2024, Plaintiff petitioned the Clerk of the Court for an entry of default against Defendant pursuant to Federal Rule

---

[5] Defendant Sadiya Mustafa appeared through counsel and filed an Answer to the Complaint on February 13, 2024. (ECF 14.)

of Civil Procedure 55(a), and the Clerk entered default against Defendant that same day. (ECF 20.) Plaintiff now moves for default judgment. (Mot. ¶ 64.) Defendant has not challenged the default or opposed the present motion.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) "authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008). Before the Court grants a motion for default judgment, however, it must ensure, *inter alia*, (1) that personal jurisdiction exists over the Defendants and (2) "that entry of default under Rule 55(a) was appropriate." *Gov't Emps. Ins. Co. v. Pennsauken Spine & Rehab P.C.*, No. 17-11727, 2018 WL 3727369, at *2 (D.N.J. Aug. 6, 2018). Where the Court has jurisdiction, because the entry of default judgment prevents a decision on the merits, the mere fact of default does not entitle a plaintiff to judgment. Rather, "[i]t is well settled in this Circuit that the entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)).

Once a party has defaulted, the "consequence of the entry of a default judgment is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (citing 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure, § 2688 at 444 (2d ed. 1983)). An entry of default judgment requires that the Court determine whether a sufficient cause of action has been stated "since a party in default does not admit mere conclusions of law." *Chanel, Inc.*, 558 F. Supp. 2d at 536. After a cause of action has been established, district courts must then determine whether the entry of default judgment would be proper by considering: (1) whether the party subject to

4

default has a meritorious defense, (2) whether there is prejudice to the plaintiff if default judgment is denied, and (3) whether the default was due to the defendant's culpable conduct. *See Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *Hritz*, 732 F.2d at 1181.

### III.  ANALYSIS

#### A. Jurisdiction and Service of Process

"Before entering a default judgment as to a party that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *2 (D.N.J. Jan. 22, 2015) (internal quotations and citations omitted). This Court has both subject matter jurisdiction over this dispute and personal jurisdiction over Defendants.

A district court has original jurisdiction over an action when there is diversity jurisdiction pursuant to 28 U.S.C. § 1332 or when there is federal question jurisdiction pursuant to 28 U.S.C. § 1331. Diversity jurisdiction exists when there is a dispute between citizens of different states alleging an amount in controversy in excess of $75,000. *See* 28 U.S.C. § 1332(a). There is complete diversity of citizenship here between Plaintiff, a citizen of New York, and Defendants, citizens of New Jersey. (Mot. ¶ 28.) In actions seeking declaratory or equitable relief, like the present action, "the amount in controversy is measured by the value of the object of the litigation." *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 398 (3d Cir. 2016). The object of the litigation here is the Property, which contains a tax assessed value of $533,600. (ECF 33-11, "Ex. I".) Therefore, the amount-in-controversy requirement is satisfied, and the Court has subject matter jurisdiction over this action.

The Court also retains personal jurisdiction over Defendants. "[A]n individual's domicile, or home, constitutes the paradigmatic forum for the exercise of general jurisdiction." *Chanel, Inc.*

*v. Matos*, 133 F. Supp. 3d 678, 684 (D.N.J. 2015) (internal quotation marks and citation omitted). Because Defendants are residents of New Jersey, the exercise of personal jurisdiction over the individual Defendants is proper.[6]

For service to be proper on an individual, Rule 4 requires service to be effectuated by a nonparty "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B). Here, Plaintiff provides the Court with an Affidavit of Service dated November 15, 2023, which indicates that personal service was made by a nonparty to the action, James Reap, who delivered a copy of the Summons and Complaint to Defendant's daughter at the Property on that day. (ECF 11.) Thus, service was proper, and the Court is satisfied that it has jurisdiction to enter default judgment. *See Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008).

### B. Entry of Default

Second, the Court must ensure that the entry of default under Rule 55(a) was appropriate. Rule 55(a) directs the Clerk of the Court to enter a party's default when the party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Though Defendant received a two-month extension to answer, he failed to meet this deadline and has made no attempt to answer or defend the action since his one-time correspondence with the Court over one year ago. Accordingly, the Clerk appropriately issued the entry of default on May 24, 2024. (ECF 20).

### C. Fitness

---

[6] Though not the subject of this motion, Defendant Sadiya Mustafa appeared in this action and did not contest personal jurisdiction in her answer, *see* ECF 14, and therefore has waived this affirmative defense.

"Third, the Court must confirm that the defaulting parties are not infants or incompetent persons, or persons in military service exempted from default judgment." *Barrett v. Tri-Coast Pharmacy, Inc.,* 518 F. Supp. 3d 810, 822 (D.N.J. 2021) (citing Fed. R. Civ. P. 55(b)(2)). Defendant is neither an infant nor incompetent person; he testified under oath at a deposition and during a jury trial in the SDNY Action. (Mot. ¶ 39.) There is no indication in the record, and this Court has no reason to believe, that Defendant is currently in the service of the military.

### D. Sufficiency of Cause of Action

Fourth, the Court must determine whether the Complaint states a proper cause of action against Defendant. In conducting this inquiry, the Court accepts as true a plaintiff's well pleaded factual allegations while disregarding its mere legal conclusions. *See Directv, Inc. v. Asher*, No. 03-1969, 2006 WL 680533 at *1 (D.N.J. Mar. 14, 2006). Here, Plaintiff's sole claim of fraudulent conveyance arises under the New Jersey Uniform Voidable Transactions Act ("NJUVTA").[7] N.J. Stat. Ann. ¶¶ 25:2-20 *et seq*. "In order to determine whether an actual intent to hinder or defraud existed, courts look to see whether 'badges of fraud' are present." *Leonard v. Bayuk*, No. 23-

---

[7] Section 25:2-25 of the NJUVTA states in relevant part:

a. A transfer made or obligation incurred by a debtor is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

(1) With actual intent to hinder, delay, or defraud any creditor of the debtor; or

(2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

(a) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtors were unreasonably small in relation to the business or transaction; or
(b) Intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they become due.

21314, 2025 WL 1419813, at *6 (D.N.J. May 16, 2025). "While a finding of one badge of fraud may cast suspicion on the transferor's intent, a finding of several badges in one transaction generally provides conclusive evidence of an actual intent to defraud." *Jurista v. Amerinox Processing, Inc.*, 492 B.R. 707, 747-48 (D.N.J. 2013).[8] As the statute makes clear, Plaintiff bears the burden of proving the elements. *See* N.J. Stat. Ann. ¶ 25:2-25(b).

Plaintiff argues that Defendant made the fraudulent transfer to his wife without consideration and "with actual intent to hinder, delay, or defraud Mahmoud's creditors, including Plaintiff." (Mot. ¶ 47.) At the time of the transfer, Plaintiff was a creditor of Defendant because he had filed the lawsuit in the SDNY Action.[9] There is no dispute that Defendant transferred the Property to his wife. The Deed transferring ownership of the Property lists consideration in the amount of $1.00, contains Defendant's own signature, and identifies the Property by the address listed in the Complaint. (ECF 33-6, "Ex. D".) The facts presented indicate that Defendant not only made a transfer without receiving reasonably equivalent value in exchange, but Defendant also made that transfer with actual intent to hinder his creditors, satisfying the more stringent requirement under the statute. *See* N.J. Stat. Ann. ¶ 25:2-25(a). The badges of fraud present here include that: (1) before the transfer Defendant was sued by Plaintiff in the SDNY Action (Ex. A),

---

[8] Relevant badges of fraud that may apply to the present matter include whether "before the transfer was made or obligation was incurred, the debtor was sued or threatened with suit;" "the transfer was of substantially all the debtor's assets;" "the debtor retained possession or control of the property transferred after the transfer;" "the value of the consideration received by the debtor was not reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;" and "the transfer occurred shortly before or after a substantial debt was incurred[.]" *Id.* at 747 (quoting *Meiselman v. Hamilton Farm Golf Club LLC*, No. 11-0653, 2011 WL 3859846, at *8 (D.N.J. Sept. 1, 2011)); *see also* N.J. Stat. Ann. ¶ 25:2-26 (listing "badges of fraud" factors to determine intent).

[9] N.J. Stat. Ann. ¶ 25:2-21 (defining "creditor" as "a person who has a claim" and "claim" as "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured.")

that Defendant retained possession or control of the Property after the transfer (Ex. G), and that the value of the consideration received by the Defendant was not reasonably equivalent to the value of the asset transferred. *See* N.J. Stat. Ann. ¶ 25:2-26; *see also Leonard*, 2025 WL 1419813, at *6 (finding voidable transfer in almost identical circumstances where badges of fraud established intent, including consideration of $1.00 for the property). Thus, the Court is satisfied that Plaintiff has sufficiently alleged the elements of a fraudulent transfer under the NJUVTA.

Defendant has no meritorious defense based on the limited record before the Court. *See e.g., Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011) (finding no meritorious defense where court could not determine its existence since defendant did not respond). Defendant was properly served and has failed to defend or otherwise respond to the Complaint. *See supra.* Plaintiff is clearly prejudiced by Defendant's failure to respond as he has been prevented from prosecuting his case and seeking relief. *See Gowan v. Cont'l Airlines, Inc.*, No. 10-1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012) ("Plaintiff will suffer prejudice if the Court does not enter default judgment as Plaintiff has no other means of seeking damages for the harm allegedly caused by Defendant.").

Similarly, absent any evidence to the contrary, "the Defendant's failure to answer evinces the Defendant's culpability in its default." *Teamsters Pension Fund of Phila.*, 2011 WL 4729023, at *4. In this case, there is nothing before the Court to show that Defendant's failure to respond was not willfully negligent. *See id.* (citing *Prudential Ins. Co. of America v. Taylor*, No. 08-2108, 2009 WL 536403, at *1 (D.N.J. Feb. 27, 2009)) (finding that when there is no evidence that the defendant's failure to answer the complaint was due to something other than its own willful

9

negligence, the defendant's conduct is culpable and default judgment is warranted). Accordingly, the Court will enter default judgment against Defendant.

### E. Damages

Section 25:2-29 of the NJUVTA provides remedies for violations of the statute in the form of injunctive relief, including but not limited to: "Avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim;" "attachment or other provisional remedy against the asset transferred" and, subject to principles of equity, an "injunction against further disposition by the debtor or transferee, or both, of the asset transferred or of other property" or "[a]ppointment of a receiver to take charge of the asset transferred or other property of the transferee".

Plaintiff asks the Court to award any form of relief available to him under the NJUVTA. (Mot. ¶ 52.) Because there is a Motion for Summary Judgment (ECF 50) currently pending against co-Defendant Sadiya Mustafa, who presently holds title and ownership of the Property, the Court will reserve on the question of relief here pending the resolution of that Motion. *See Notte v. NEW Sushi, LLC*, No. 22-6394, 2023 WL 4362730, at *4 (D.N.J. July 5, 2023) (entering default judgment but reserving on damages until the conclusion of litigation where not all defendants defaulted); *MGMT Residential, LLC v. Reeves*, No. 22-3966, 2023 WL 2471263, at *4 (E.D. Pa. Mar. 10, 2023) (granting the plaintiffs' motion and entering default judgment while reserving the question of damages pending resolution of this matter).

### IV. CONCLUSION

For the reasons stated above, Plaintiff's motion for default judgment (ECF 33-1) is **GRANTED**. The Court will enter judgment against Defendant following the resolution of the Motion for Summary Judgment against Defendant Sadiya Mustafa. The Court will then issue an appropriate order.

<i>/s/ Jamel K. Semper</i><br>
<b>HON. JAMEL K. SEMPER</b><br>
<b>United States District Judge</b>

Orig:  Clerk
cc:    Jose R. Almonte, U.S.M.J.
       Parties