NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

NADER ABOUELMAKAREM,

*Plaintiff*,

v.

MAHMOUD MUSTAFA and SADIYA MUSTAFA,

*Defendants*.

Civil Action No. 23-22209

**OPINION**

January 28, 2026

**SEMPER**, District Judge.

The current matter comes before the court on Plaintiff Nader Abouelmakarem's ("Plaintiff") motion for summary judgment against Defendant Sadiya Mustafa ("Defendant" or "Sadiya") pursuant to Federal Rule of Civil Procedure 56. (ECF 50-1, "Mot.") Defendant submitted an opposition to the motion (ECF 51, "Def. Opp."), and Plaintiff replied. (ECF 52, "Reply.") The Court has decided this motion upon the parties' submissions, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 78.1. For the reasons stated below, Plaintiff's motion is **GRANTED**.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

This matter arises from the alleged fraudulent transfer of property in Hudson County, New Jersey from Defendant Mahmoud Mustafa ("Mahmoud") to his wife, co-Defendant Sadiya Mustafa. This Court previously entered default judgment against Mahmoud for Plaintiff's sole

[1] The Court relies on the facts contained in the Complaint (ECF 1), Defendant Sadiya Mustafa's Answer (ECF 14), the Court's previous Opinion in this case (ECF 53), Plaintiff's motion for summary judgment and the statement of facts contained within (ECF 50).

claim of fraudulent conveyance in violation of the New Jersey Uniform Voidable Transactions Act ("UVTA" formerly the Uniform Fraudulent Transfer Act), N.J. Stat. Ann. §§ 25:2-20 *et seq*. (ECF 53, "Op." at 10.) For purposes of judicial economy, the Court does not retrace the full factual and procedural history and incorporates the preceding opinion herein.

This matter relates to a civil judgment that Plaintiff secured against Mahmoud and his brother on August 17, 2023 in the Southern District of New York (the "SDNY Action").[2] (ECF 1, "Compl." ¶ 1.) Plaintiff worked as a cashier for three years in a New York City gift shop that was owned and operated by Mahmoud. (*Id.*; ECF 50-3, SDNY Complaint, "Ex. A" ¶ 6.) Following a three-day trial, a federal jury in Manhattan found that Mahmoud had failed to pay Plaintiff minimum wage and overtime pay. (Compl. ¶¶ 15, 16.) The jury returned a verdict in favor of Plaintiff in the amount of $245,593.78 in monetary damages and attorneys' fees, collectively. (ECF 50-4, "Ex. B".) No amount of money has been paid by any defendant in the SDNY Action to satisfy that judgment. (*Id.* ¶ 22, 23.)

Two weeks after Plaintiff commenced the SDNY Action,[3] Mahmoud transferred ownership of his home located at 1611 86th Street in North Bergen, New Jersey (the "Property") to his wife Sadiya for consideration of $1.00. (*Id.* ¶ 17; ECF 50-6, 2021 Deed, "Ex. D".) Mahmoud purchased the Property on November 9, 2000 (*see* ECF 50-5, 2000 Deed, "Ex. C") and was the sole owner of the Property for twenty-one years, until he transferred his ownership interest to his wife. (Compl. ¶ 13.) On August 27, 2021, Mahmoud satisfied the mortgage on the Property. (*Id.* ¶ 14.)

---

[2] *See Abouelmakarem v. MDNMA Inc. et. al.*, No. 21-10625, 2023 WL 4561765 (S.D.N.Y. July 17, 2023).

[3] Plaintiff filed his complaint in the SDNY Action on December 13, 2021, which sought over $300,000 in damages. (*See* Ex. A; Mot. at 2.) The deed transferring ownership of the Property is dated December 27, 2021. (ECF 50-6.)

Defendant Sadiya appeared through counsel and filed an Answer to the Complaint on February 13, 2024. (ECF 14, "Ans.") On October 30, 2024, Magistrate Judge Jose R. Almonte permitted Sadiya's counsel to withdraw as her attorney. (ECF 31.) Sadiya is now proceeding *pro se*.[4] On March 28, 2025, Plaintiff moved for summary judgment on his singular cause of action against Sadiya. (*See* Mot.) On April 10, 2025, Sadiya filed a handwritten letter opposing Plaintiff's motion. (*See* Opp.) Plaintiff submitted a reply brief on April 15, 2025. (*See* Reply.) On June 30, 2025 this Court entered default judgment against Mahmoud, finding that Plaintiff had sufficiently alleged the elements of a fraudulent transfer under the UVTA. (Op. at 10.) The Court reserved on awarding damages until after the Court ruled on the instant motion for summary judgment. (*Id.*)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted if the movant shows that "there is no genuine issue as to any material fact [and] the moving party is entitled to a judgment as a matter of law." *Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. *See Boyle v. Cnty. of Allegheny Pa.*, 139 F.3d 386, 393 (3d Cir. 1998) (citing *Peters v. Del. River Port Auth. of Pa. & N.J.*, 16 F.3d 1346, 1349 (3d Cir. 1994)). The moving party bears the burden of establishing that no genuine issue of material fact remains. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be

[4] Sadiya moved this Court to appoint her pro bono counsel (ECF 39, 42), and on February 20, 2025, this Court denied her application to proceed *in forma pauperis*, a prerequisite to receive pro bono counsel, finding that she did not sufficiently demonstrate indigent status. (ECF 45.)

discharged by 'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party has met that threshold burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Unsupported allegations, subjective beliefs, or argument alone, however, cannot forestall summary judgment. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1988) (nonmoving party may not successfully oppose summary judgment motion by simply replacing "conclusory allegations of the complaint or answer with conclusory allegations of an affidavit."). Thus, if the nonmoving party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322-23). Moreover, the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247-48.

## III. ANALYSIS

Plaintiff asks this Court to enter summary judgment on his fraudulent transfer claim against Sadiya. (Mot. at 4-7.) Plaintiff maintains that he "has been in yearslong litigation to vindicate his

rights against Mahmoud" and that both Defendants here "engaged in an effort to cheat [] Plaintiff, a creditor of Mahmoud, by transferring the Property to Sadiya for one dollar, thereby placing the Property out of Plaintiff's reach as he seeks to execute" his civil judgment. (*Id.* at 7.) Sadiya argues that the Property "was promised to me and my children over 10 years ago" and that "as soon as [the mortgage] was paid off, we began the process of switching the deed for my children's security." (Opp. at 3.) The Court will also address the affirmative defense offered in Sadiya's Answer that the Property was transferred to her pursuant to Defendants' divorce settlement. (*See* Ans. ¶ 14.)

Actual and constructive fraudulent transfers may be avoided pursuant to New Jersey's UVTA, *see* N.J. Stat. Ann. §§ 25:2–20 *et seq.* The purpose of the UVTA is to prevent a debtor from placing property beyond a creditor's reach. *In re Tzanides*, 574 B.R. 489, 512-13 (D.N.J. 2017). "Underlying the Act is the notion that a debtor cannot deliberately cheat a creditor by removing his property from the jaws of execution." *Gilchinsky v. Nat'l Westminster Bank N.J.*, 159 N.J. 463, 475 (1999). The UVTA provides that a transfer is voidable if the transfer was made either "[w]ith actual intent to hinder, delay, or defraud any creditor of the debtor" (actual fraud) or "[w]ithout receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor…[i]ntended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they become due" (constructive fraud). N.J. Stat. Ann. §§ 25:2-25(a)(1), (a)(2).

"In order to determine whether an actual intent to hinder or defraud existed, courts look to see whether 'badges of fraud' are present." *Leonard v. Bayuk*, No. 23-21314, 2025 WL 1419813, at *6 (D.N.J. May 16, 2025). Relevant badges of fraud that may apply to the present matter include whether "before the transfer was made or obligation was incurred, the debtor was sued or

threatened with suit;" "the transfer was of substantially all the debtor's assets;" "the debtor retained possession or control of the property transferred after the transfer;" "the value of the consideration received by the debtor was not reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;" and "the transfer occurred shortly before or after a substantial debt was incurred[.]" *Jurista v. Amerinox Processing, Inc.*, 492 B.R. 707, 747 (D.N.J. 2013) (quoting *Meiselman v. Hamilton Farm Golf Club LLC*, No. 11-0653, 2011 WL 3859846, at *8 (D.N.J. Sept. 1, 2011)); *see also* N.J. Stat. Ann. § 25:2-26 (listing "badges of fraud" factors to determine intent).

Shortly after Plaintiff filed his lawsuit in the SDNY Action, Mahmoud transferred the Property to his wife, Sadiya, for consideration of one dollar.[5] (Ex. D.) The Hudson County Board of Taxation assessed the value of the Property in 2025 at $533,600.00. (*See* ECF 50-13, "Ex. K") It is therefore not in dispute that Mahmoud transferred the Property to Sadiya without receiving a reasonably equivalent value in exchange for the transfer. *See Chestnut St. Consol., LLC v. Dawara*, 619 F. Supp. 3d 489, 511 (E.D. Pa. 2022) (finding Defendants liable under Pennsylvania's UVTA for transferring properties valued between $73,800 and $528,700 for one dollar). It is also not disputed that at the time of the transfer, Plaintiff was a creditor of Defendant, because he had filed the lawsuit in the SDNY Action.[6] The uncontested facts therefore demonstrate that Mahmoud made a constructively fraudulent transfer "without receiving a reasonably equivalent value in

---

[5] The deed transferring ownership of the Property lists consideration in the amount of $1.00, contains Defendant's own signature, and identifies the Property by the address listed in the Complaint. (Ex. D.) Mahmoud also testified that he transferred the Property in consideration for one dollar in his deposition taken in the SDNY Action. (*See* ECF 50-12, "Ex. J", 22:22-27:4.)

[6] *See* N.J. Stat. Ann. § 25:2-21 (defining "creditor" as "a person who has a claim" and "claim" as "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured.")

exchange" and that he intended to incur, or "believed or reasonably should have believed" that he would incur debts beyond his ability to pay, in violation of N.J. Stat. Ann. § 25:2-25(a)(2).

The Court has already found that the following badges of fraud exist here: (1) before the transfer Defendant was sued by Plaintiff in the SDNY Action; (2) Defendant retained possession or control of the Property after the transfer;[7] and (3) the value of the consideration received by the Defendant was not reasonably equivalent to the value of the asset transferred. (Op. at 8-9) (citing N.J. Stat. Ann. § 25:2-26 and *Leonard*, 2025 WL 1419813, at *6 (finding voidable transfer in almost identical circumstances where badges of fraud established intent, including consideration of $1.00 for the property)). "While a finding of one badge of fraud may cast suspicion on the transferor's intent, a finding of several badges in one transaction generally provides conclusive evidence of an actual intent to defraud." *Jurista*, 492 B.R. at 747. These badges of fraud sufficiently demonstrate that Mahmoud made that transfer with actual intent to hinder his creditors, satisfying the statutory requirement for actual fraud. *See* N.J. Stat. Ann. § 25:2-25(a)(1). The conveyance of the Property to Sadiya was a transparent effort by Mahmoud to avoid his obligations to Plaintiff. The Court is satisfied that Plaintiff has established an actual and constructive fraudulent transfer under the UVTA.

Defendant Sadiya's sole defense is that the transfer of the Property to her was part of her divorce settlement with Mahmoud. (Ans. ¶¶ 15-17.) Sadiya filed for divorce on September 26, 2023. (ECF 50-14, "Ex. L".) Mahmoud transferred the Property to her on December 27, 2021, nearly two years before their divorce proceedings began. (*See* Ex. D.) The Court agrees with Plaintiff that this renders "any assertions that the divorce proceeding is related to the Fraudulent

[7] In correspondence with this Court dated November 29, 2023, two years after the transfer, Mahmoud listed his mailing address as the Property's address. (*See* ECF 33-9, "Ex. G".)

Transfer factually impossible." (Mot. at 10.) Defendant Sadiya's argument is therefore unavailing.[8] Defendant has failed to demonstrate the existence of a genuine dispute as to any material fact, and Plaintiff is accordingly entitled to judgment as a matter of law on his fraudulent conveyance claim.

## IV. DAMAGES

In his motion, Plaintiff asks this Court to grant "the relief requested in the Complaint and/or set forth in the annexed proposed order." (Mot. at 14.) The UVTA provides remedies for violations of the statute in the form of injunctive relief, including but not limited to: "Avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim;" "attachment or other provisional remedy against the asset transferred" and, subject to principles of equity, an "injunction against further disposition by the debtor or transferee, or both, of the asset transferred or of other property" or "[a]ppointment of a receiver to take charge of the asset transferred or other property of the transferee[.]" N.J. Stat. Ann. § 25:2-29. Plaintiff's Complaint seeks all forms of relief prescribed by the statute, as well as attorneys' fees and costs of this action. (Compl. at 6.)

The Court requires further briefing from the parties to determine the damages award in this case. Plaintiff is directed to file a brief of no more than ten pages within thirty days of the date of this opinion. Defendant will have fourteen days to respond.

## V. CONCLUSION

For the reasons stated above, Plaintiff's motion for summary judgment (ECF 50) is **GRANTED**. The parties shall brief the Court on damages as outlined in the accompanying Order.

---

[8] Similarly unavailing is Sadiya's argument that the Property "was promised to me and my children over 10 years ago" and that "as soon as [the mortgage] was paid off, we began the process of switching the deed for my children's security." (Opp. at 3.) Defendant has not proffered a credible reason that her husband transferred the Property from his name to hers, instead of, for example, adding her name to the deed.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig: Clerk
cc: Jose R. Almonte, U.S.M.J.
Parties